UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NATURAL PRODUCTS (d/b/a POWER AUTOMATION SYSTEMS), a California Corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>ILLINOIS TOOL WORKS, INC. (d/b/a HARTNESS INTERNATIONAL, INC.), a Delaware Corporation,<br><br>        Defendant. | Case No. 2:12-CV-00593-JAM-GGH<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Plaintiff California Natural Products' ("Plaintiff") Motion for Temporary Restraining Order ("TRO") (Doc. #22). Defendant Illinois Tool Works, Inc. ("Defendant") opposes the motion (Doc. #28).[1] Plaintiff filed a reply (Doc. #25).

I. BACKGROUND

Plaintiff and Defendant are competitors in the warehouse

---

[1] Defendant's opposition is attached to a Motion to Substitute. Defendant erroneously filed a draft version of its opposition, and now seeks to substitute the correct version. Plaintiff does not oppose the motion to substitute, and that motion is accordingly GRANTED.

1

automation industry.  Plaintiff installs automated pallet storage systems in existing warehouses.  Defendant also installs such systems.  The parties compete directly for clients and contracts.

Plaintiff seeks a TRO in order to prevent Defendant from misrepresenting that certain Spanish warehouse installations utilize Defendant's technology when they actually use Plaintiff's technology.  Plaintiff is concerned that Defendant's alleged misrepresentations will damage its goodwill and interfere with its ability to bid on an upcoming Coca-Cola warehouse contract.  Plaintiff's allegations are vigorously disputed by Defendants.

## II.  OPINION

### A.  Legal Standard

Fed. R. Civ. P. 65 provides authority to issue either preliminary injunctions or temporary restraining orders.  A plaintiff seeking a preliminary injunction must demonstrate that it is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008)).  The requirements for a temporary restraining order are the same.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A TRO is an emergency measure, intended to preserve the status quo pending a fuller hearing on the injunctive relief requested, and the irreparable harm must therefore be clearly immediate.  Fed. R. Civ. Proc. 65(b)(1).

B. <u>Analysis</u>

Plaintiff relies on the harm it will sustain if Defendant, as alleged, continues to misrepresent Plaintiff's warehouse technology as its own.  In order to show immediate irreparable injury, Plaintiff alleges that both parties are currently bidding on a Coca-Cola project in Malayasia, and that the potential client is confused by the parties' competing claims to the Spanish warehouse technology.

The Court finds that the harm described by Plaintiff does not meet the TRO standard, i.e the alleged harm is not immediate. Plaintiff does not show that it is unable to bid on the Coca-Cola project because of Defendant's alleged actions. In fact, Plaintiff admits that it has bid on this project and its bid is still under consideration.  Plaintiff can, if it so chooses, inform Coca-Cola about Defendant's alleged misrepresentations.  Finally, the harm is not immediate as Plaintiff states that the Coca-Cola project will not be awarded until May 2012.  Accordingly, Plaintiff's motion for a TRO is denied.

### III. ORDER

After careful consideration of all papers filed by both parties, the Court DENIES Plaintiff's Motion for a Temporary Restraining Order.

The Court reserves decision on Plaintiff's Motion for a Preliminary Injunction and sets a hearing on that matter for April 25, 2012 at 10:00 a.m.  Each party may file one additional brief no longer than 10 pages and no more than two additional declarations.

//

//

Plaintiff's brief is due by April 11, 2012.  Defendant's brief is due by April 18, 2012. No reply brief shall be permitted.

    IT IS SO ORDERED.

Dated:  March 14, 2012.

                                JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE