UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NATURAL PRODUCTS (d/b/a POWER AUTOMATION SYSTEMS), a California Corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>ILLINOIS TOOL WORKS, INC. (d/b/a HARTNESS INTERNATIONAL, INC.), a Delaware Corporation,<br><br>            Defendant. | Case No. 2:12-CV-00593-JAM-GGH<br><br>ORDER RE: PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY |

This matter is before this Court on plaintiff CALIFORNIA NATURAL PRODUCTS' (d/b/a POWER AUTOMATION SYSTEMS) ("PAS") Motion for Expedited Discovery (Doc. #18). The Motion is opposed by Defendant (Doc #24). Upon consideration of this Motion, as well as the proposed discovery requests filed therewith, and the entire record herein and finding good cause therefor,

IT IS HEREBY ORDERED that PAS's Motion for Expedited Discovery is GRANTED in part and DENIED in part as follows:

1.  PAS's 30(b)(6) Deposition Notice attached as Exhibit A to its Motion for Expedited Discovery is deemed served on defendant

1 | ILLINOIS TOOL WORKS, INC. (d/b/a HARTNESS INTERNATIONAL, INC.)
2 | ("ITW") at this time.  The deposition shall commence on a date
3 | mutually agreeable to both parties, but no later than April 4, 2012
4 | at 10:00 a.m.;
5 |        2.   PAS's Request for Production of Documents ("Documents
6 | Request") attached as Exhibit B to its Motion for Expedited
7 | Discovery is deemed served on ITW at this time.  The Court finds
8 | ITW's objections to PAS's Documents Request to be meritorious, in
9 | part.  For purposes of the Motion for Preliminary Injunction, some
10 | of the document requests are overbroad and go beyond the boundaries
11 | of the Preliminary Injunction Motion.
12 |        Accordingly, the following guidelines shall apply to the
13 | Documents Request:
14 |        (a)  The parties are instructed to immediately meet and confer
15 | concerning a protective order, given that PAS is requesting ITW to
16 | produce some documents which are likely to contain confidential and
17 | proprietary information.  The Court believes that a "for attorneys'
18 | eyes only" protective order is too narrow, however, and that the
19 | protective order must, at a minimum, also allow an expert witness
20 | and up to two knowledgeable individuals designated by each party to
21 | view any documents marked confidential and proprietary. A
22 | protective order should be submitted to the Court for approval no
23 | later than March 20, 2012.
24 |        (b)  No documents dated prior to January 2010 shall be
25 | required to be produced by ITW at this time.
26 |        (c)  ITW shall make its best efforts to produce the following
27 | documents to PAS:
28 |             1.   Promotional, advertising and marketing materials

related to or developed for ITW's "StorFast" system including, but not limited to, the document attached to PAS's Rule 30(b)(6) deposition notice as Exhibit 1.

2. Promotional, advertising and marketing materials developed for potential customers or provided to actual customers at the MODEX trade show in Atlanta, Georgia in February 2012; and any documents identifying actual customers to whom these materials were given.

3. Promotional, advertising and marketing materials provided to SIBCO or anyone acting on its behalf including, but not limited to, Eric Tverberg.

4. Promotional, advertising and marketing materials provided to Coca-Cola in Malaysia or anyone acting on its behalf.

5. Any and all documents containing statements or representations by ITW that it developed and/or installed an automated storage and retrieval system with a lift and a cart at any of the sites identified in Exhibit 1 to PAS's Rule 30(b)(6) deposition notice, as well as the Pepsi bottler in North Carolina.

(d) The Court admonishes PAS and ITW that it expects the parties to fully cooperate with each other and make a good faith effort to resolve any disputes that may arise concerning this Order without further involvement of the Court. However, if the parties are unable to informally resolve any such disputes and, instead choose to submit a discovery dispute related to this Order to the Court for resolution, the motion should be submitted to Magistrate Judge Hollows pursuant to Local Rule 302(c)(1).

3.   ITW shall make its representative(s) available for deposition within twenty (20) days of this Order;

4.   ITW shall deliver to PAS's counsel by hand or fax or email (pdf) its written responses and responsive documents within fifteen (15) days of this Order; and

5.   PAS is permitted to immediately issue a subpoena to Precision Distribution Consulting, Inc., in the form attached as Exhibit C to its Motion for Expedited Discovery.

IT IS SO ORDERED.

Dated:  March 14, 2012.

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE