David S. Poole (Bar. No. 94690)
**Poole & Shaffery, LLP**
25350 Magic Mountain Parkway, Second Floor
Santa Clarita, CA  91355
Telephone:  (661) 290-2991
Facsimile:    (661) 290-3338

Lynn H. Murray, *pro hac vice*
Justin R. Donoho, *pro hac vice*
**Grippo & Elden LLC**
111 South Wacker Drive, Ste 5100
Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195

Attorneys for Defendant,
**ILLINOIS TOOL WORKS INC.**

Jeffrey W. Shopoff (Bar No. 46278)
Gregory S. Cavallo (Bar No. 173270)
Paul F. Kirsch (Bar No. 127446)
James M. Robinson (Bar No. 238063)
SHOPOFF CAVALLO & KIRSCH LLP
100 Pine Street, Suite 750
San Francisco, CA 94111
Telephone:  (415) 984-1975
Facsimile:  (415) 984-1978

Attorneys for Plaintiff,
**California Natural Products**

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NATURAL PRODUCTS (d/b/a POWER AUTOMATION SYSTEMS), a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ILLINOIS TOOL WORKS INC. (d/b/a HARTNESS INTERNATIONAL, INC.), a Delaware Corporation, <br><br> Defendant. | CASE NO. 2:12-CV-00593-JAM-GGH <br><br> **AGREED PROTECTIVE ORDER** |

-1-

**AGREED PROTECTIVE ORDER**

1309100

PDF created with pdfFactory trial version www.pdffactory.com

1   WHEREAS, this Court required that a protective order relating to the pending Motion for

2   Preliminary Injunction be submitted to the Court for approval, *see* Order of Mar. 15, 2012, Re

3   Plaintiff's Motion for Expedited Discovery;

4   WHEREAS, discovery relating to the Motion for Preliminary Injunction will involve the

5   disclosure of trade secrets or other confidential proprietary, technical, business or financial

6   information;

7   WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties

8   hereby stipulate to the entry of this Order limiting the disclosure of certain information produced

9   or otherwise discovered for purposes of the Motion for Preliminary Injunction and agree to be

10   bound by the restrictions of this Order limiting the use of such information as provided;

11   IT IS HEREBY STIPULATED, AGREED AND ORDERED that the following protective

12   provisions shall govern any discovery conducted by the parties in this action:

13   1.   This agreement applies only to materials produced for the purpose of preparing for

14   and conducting a hearing regarding the Motion for Preliminary Injunction, and the parties agree

15   that it is not intended to apply other materials produced in the context of the Litigation in the

16   absence of an additional agreement.  The parties agree to negotiate in good faith to reach

17   agreement on the terms of a protective order to govern (1) the later use of materials produced in

18   regard to Motion for Preliminary Injunction and (2) the use of any other materials produced in the

19   Litigation.

20   2.   In responding to discovery requests from a party in this action relating to the

21   Motion for Preliminary Injunction (the "Requesting Entity"), any party or non-party responding

22   to the discovery requests (the "Responding Entity") may designate documents, information or

23   material as "CONFIDENTIAL."  A Responding Entity may designate any documents,

24   information or material as "CONFIDENTIAL" that the Responding Entity believes contains

25   proprietary information, trade secrets, confidential research, confidential financial information, or

26   commercial or sensitive information.  This includes, but is not limited to proprietary financial

27   information, technical or marketing information or other business information, the disclosure of

-2-

**AGREED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1    that would tend to cause substantial harm to the Responding Entity's legitimate business interests,

2    competitive interests, privacy interests, or privacy interests of the Responding Entity's employees

3    or customers.

4            3.      Prior to physical production of copies of documents, the Responding Entity shall

5    conspicuously mark the copies of documents that contain confidential information as

6    "CONFIDENTIAL."   All court filings that disclose information designated as

7    "CONFIDENTIAL" shall also be marked in this manner.

8            4.      The designation of any document or information as  "CONFIDENTIAL" pursuant

9    to the terms of this Order shall constitute the verification of counsel for the producing party that

10   the documents have been reviewed for compliance with the criteria of this Order and that the

11   designation "CONFIDENTIAL" is, in the good faith judgment of counsel, consistent with the

12   terms of this Order.

13           5.      Material designated as "CONFIDENTIAL" ("Confidential Information") may be

14   used by persons other than the Responding Entity only for the purpose of preparing for and

15   conducting any hearing relating to the Motion for Preliminary Injunction in the action styled as

16   California Natural Products v. Illinois Tool Works Inc., No. 2:12-CV-00593-JAM-GGH (E.D.

17   CA) ("the Litigation") and for no other purpose.

18           6.      Counsel for each party shall take all reasonable precautions necessary to prevent

19   the unauthorized or inadvertent disclosure of any Confidential Information.  If any Confidential

20   Information produced in accordance with the terms of this Order is disclosed to any person other

21   than in the manner authorized by this Order, the party responsible for the disclosure must

22   immediately bring all pertinent facts relating to such disclosure to the attention of the other party

23   and, without prejudice to other rights and remedies of the other parties, must make every effort to

24   prevent further disclosure by the person who received Confidential Information.

25           7.      A party shall not be obligated to challenge the propriety of designation of

26   Confidential Information at the time it is produced, and failure to do so shall not preclude

27   subsequent challenge thereto.  At any stage of these proceedings or thereafter, any party may

**AGREED PROTECTIVE ORDER**

1309100

PDF created with pdfFactory trial version www.pdffactory.com

challenge a designation of certain materials as Confidential Information.  If any party objects to the designation of any document as Confidential Information, such party shall state the objection by letter to counsel for the entity (whether a party or non-party) making the designation.  Grounds for such objections would include, but are not limited to, the fact that the challenged materials or information (a) is in the public domain; (b) was known or possessed by the Responding Party at the time of disclosure; (c) was received from a third-party under no obligation of confidentiality; or (d) was derived or obtained independently of the disclosure from a third-party under no obligation of confidentiality.

8.     The parties shall attempt to resolve any disagreement as to the protected nature of the information on an informal basis before seeking relief from the Court.  Until an objection to the designation of a document has been resolved by agreement of counsel or by order of the Court, the document shall be treated as Confidential Information and subject to this Order.  Nothing herein shall affect the Responding Entity's obligation to show good cause for the protection of the information in the event any person files a motion disputing the Responding Entity's designation of discovery material as "CONFIDENTIAL."

9.     Except as the Court may otherwise expressly direct and subject to the further conditions imposed by this Order, material that is "CONFIDENTIAL" may be disclosed only to the following persons:

(a)     Up to two client representatives of the Parties to this Order including the parties' employees (not including inside counsel) as well as employees of affiliates of the party receiving Confidential Information, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.  The parties agree that Rodney Tipton, Bern McPheely and Doug Stambaugh are acceptable client representatives pursuant to this paragraph.  In addition, PAS will identify one additional party representative under this Paragraph.  Before that representative

-4-

**AGREED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1   receives any Confidential Information, ITW shall have two business days in

2   which to object to that individual's selection.  The parties will work in good

3   faith to resolve any dispute regarding the party representative;

4   (b)   Outside trial counsel of record for the parties to this action and in-house

5   counsel with responsibility for this action, and to paralegal assistants, office

6   clerks, secretaries and other such personnel working under such counsel's

7   supervision;

8   (c)   Expert witnesses consulted, employed or designated by a party (including

9   any interpreters or translators), as well as associates, assistants, and other

10   personnel employed directly by such experts who have read and agree in

11   writing to be bound by the terms of this Order by executing the "Agreement

12   of Confidentiality" set forth in ¶ 10 herein.  If any expert witnesses is

13   affiliated with, or in actual or potential (evaluated under a good faith

14   standard) competition, with the parties, the identity and relationship of that

15   potential expert witness must be provided to the opposing party two

16   business days prior to any disclosure of Confidential Information to allow

17   for objection to that expert witness's receipt of Confidential Information.

18   The parties will work in good faith to resolve any dispute regarding this

19   paragraph;

20   (d)   The Court, court personnel and court reporters;

21   (e)   Persons who authored, were an addressee, or were copied on the

22   Confidential Information;

23   (f)   Such other persons as may be agreed by written stipulation of the

24   Responding Entity and the party seeking to make the disclosure, or by

25   further order of the Court.

26   10.   Prior to giving possession of any "CONFIDENTIAL" material to any person

27   permitted under this Order other than those identified in paragraphs 6(d) and 6(e), counsel for the

-5-

**AGREED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

party that receives such material that is "CONFIDENTIAL" shall first provide the intended recipient with a copy of this Order, and shall cause him or her to execute the following written Agreement of Confidentiality, which counsel shall thereafter retain:

<u>Agreement of Confidentiality</u>

I understand that I am being given access to Confidential Information pursuant to a Protective Order entered in the matter <u>California Natural Products v. Illinois Tool Works Inc.</u>, No. 2:12-CV-00593-JAM-GGH (E.D. CA). I have read the Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. In consideration for me being allowed access to said information and documents in connection with this litigation, I further agree to be contractually bound by the terms of the Protective Order and I agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to financial liability for any loss or damage caused on account thereof.

Upon written request of counsel for a party not later than thirty days following ruling on the Motion for Preliminary Injunction, copies of all executed Agreement of Confidentiality forms shall be provided to counsel for the other parties within seven days of such request.

11.     Anything in this Order to the contrary notwithstanding, any party may use the services of a photocopying service, printing and binding service, or computer input service with regard to Confidential Information, provided such services are advised of the confidential nature of the documents and agree to maintain their confidentiality.

12.     If a party produces documents or information that that party believes to be confidential but the party inadvertently fails to designate the documents or information as "CONFIDENTIAL," the party may designate or re-designate the documents or information with the appropriate designation. Disclosure or production of documents or information without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Order and compliance with the procedures of this paragraph shall not

-6-

**AGREED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1   prejudice the right of any party to challenge the designation of documents or information as

2   "CONFIDENTIAL."

3   13.   All Confidential Information that is filed with the Court, and any pleadings,

4   motions or other papers filed with the Court disclosing any Confidential Information shall be filed

5   under seal and kept under seal until further ordered by the Court.  Where possible, only

6   confidential, highly confidential or otherwise protected portions of filings with the Court shall be

7   filed under seal.  The procedure for sealing documents shall adhere to Local Rule 141 of the

8   United States District Court for the Eastern District of California.

9   14.   Any Confidential Information designated by any party to be introduced at trial or

10  as part of the record on appeal may be offered into evidence in open court unless the Responding

11  Entity that produced the material or obtained the Confidential Information designation for

12  material produced by others obtains an appropriate protective order from this Court or the

13  appellate court.  The Responding Entity must be given notice and a sufficient opportunity to seek

14  such a protective order.

15  15.   If a party in possession of Confidential Information receives a subpoena or other

16  request seeking production or other disclosure of  Confidential Information, that party shall

17  immediately give written notice to counsel for the party that initially produced the Confidential

18  Information, stating the nature and type of Confidential Information that has been sought and the

19  date and time proposed for production or disclosure of the material.  Any party objecting to the

20  production or disclosure shall have the obligation to take timely action in the appropriate court or

21  courts.  In the event that such action is taken (*e.g.*, a motion is filed), no Confidential Information

22  that is the subject of said action to prevent disclosure shall be produced or disclosed without

23  written approval by counsel of the objecting party or by further order of the appropriate court(s).

24  16.   In addition to any other remedies set forth herein, any party violating this Order

25  and thereby causing damage to the interests of the Responding Entity may be liable to the

26  Responding Entity for all damages so caused.

27

**AGREED PROTECTIVE ORDER**

1309100

PDF created with pdfFactory trial version www.pdffactory.com

17.     Nothing contained in this Order shall prejudice in any way or waive in any respect the right of any Responding Entity (including non-parties) to assert any privilege as to any documents, whether or not designated as Confidential Information pursuant to this Order. Counsel for a Responding Entity may redact or mask documentary material constituting financial or technical terms relating to a bid, or proprietary information of a third party covered by a non-disclosure agreement, that the parties believe in good faith to be non-responsive to the requesting parties' requests, or information subject to a privilege.  Upon request, the producing party shall provide additional description of the materials redacted.  The parties shall work together in good faith to resolve any dispute regarding information redacted materials.

18.     With respect to any 30(b)(6) or party deposition, the deposing party agrees that it will not send a corporate representative (including in-house counsel) to the deposition.  The responding party shall have 2 business days following receipt of the rough transcript to designate any portion of the deposition for redaction on the basis that the testimony includes (1) financial or technical terms relating to a bid, (2) proprietary information of a third party covered by a non-disclosure agreement, or (3) information protected by a privilege.  The parties shall work together in good faith to resolve any dispute regarding redactions from the deposition transcription materials.

19.     This Order shall be binding upon the parties and their attorneys.

20.     Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by motion to the Court,

(a)     Additional protection for specific items of  Confidential Information; or

(b)     Relief from the provisions of this Order with respect to specific items or categories of Confidential Information.  Moreover, if a party does not comply with the terms of this Order, the complaining party may petition the Court for sanctions, or other appropriate relief.

21.     Pursuant to the Federal Rules of Civil Procedure, if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party

-8-

**AGREED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1   making the claim may notify the receiving party, including the basis for the claim. After being

2   notified, the receiving party must promptly return, sequester, or destroy the specified information

3   and any copies it has; must not use or disclose the information until the claim is resolved; must

4   take reasonable steps to retrieve the information if the party disclosed it before being notified; and

5   may promptly present the information to the court under seal for a determination of the claim.

6   The producing party must preserve the information until the claim is resolved.

7         22.     This Protective Order is entered solely for the purpose of facilitating the exchange

8   of documents and information between the parties to this action without involving the Court

9   unnecessarily in the process.  Nothing in this Order nor the production of any information or

10  document under the terms of this Order nor any proceedings pursuant to this Order shall be

11  deemed to have the effect of an admission or waiver by either party or of altering the

12  confidentiality or nonconfidentiality of any such document or information.

13        23.     This Order shall survive the final termination of this action to the extent that the

14  information contained in the Confidential Information is not or does to become known to the

15  public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

16  information disclosed hereunder.

17  Entered this 21st day of March,  2012.

18                                    /s/ John A. Mendez
                                      Honorable John A. Mendez
19                                    United States District Court Judge

20

21

22

23

24

25

26

27

**AGREED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

PROPOSED BY:

_/s/ Gregory S. Cavallo
One of Its Attorneys

Jeffrey W. Shopoff (Bar No. 46278)
Gregory S. Cavallo (Bar No. 173270)
Paul F. Kirsch (Bar No. 127446)
James M. Robinson (Bar No. 238063)
SHOPOFF CAVALLO & KIRSCH LLP
100 Pine Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 984-1975
Facsimile:   (415) 984-1978

Attorneys for Plaintiff
**CALIFORNIA NATURAL PRODUCTS**

_/s/ Lynn S. Murray
One of Its Attorneys

David S. Poole (Bar. No. 94690)
**Poole & Shaffery, LLP**
25350 Magic Mountain Parkway
Second Floor
Santa Clarita, CA  91355
Telephone:  (661) 290-2991
Facsimile:  (661) 290-3338

Lynn H. Murray, *pro hac vice*
Justin R. Donoho, *pro hac vice*
**Grippo & Elden LLC**
111 South Wacker Drive, Ste 5100
Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195

Attorneys for Defendant,
**ILLINOIS TOOL WORKS INC.**

-10-

**AGREED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com