David S. Poole (Bar. No. 94690)
**Poole & Shaffery, LLP**
25350 Magic Mountain Parkway, Second Floor
Santa Clarita, CA  91355
Telephone:  (661) 290-2991
Facsimile:  (661) 290-3338

Lynn H. Murray, *pro hac vice*
Justin R. Donoho, *pro hac vice*
**Grippo & Elden LLC**
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:  (312) 558-1195

Attorneys for Defendant,
**ILLINOIS TOOL WORKS INC.**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NATURAL PRODUCTS (d/b/a POWER AUTOMATION SYSTEMS), a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ILLINOIS TOOL WORKS INC. (d/b/a HARTNESS INTERNATIONAL, INC.), a Delaware Corporation,<br><br>Defendant. | CASE NO. 2:12-CV-00593-JAM-GGH<br><br>**AGREED PROTECTIVE ORDER** |

WHEREAS, discovery in this matter may involve the disclosure of trade secrets or other confidential proprietary, technical, business or financial information;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereby stipulate to the entry of this Order limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of this Order limiting the use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the following protective provisions shall govern any discovery conducted by the parties in this action:

1.      In responding to discovery requests from a party in this action (the "Requesting Entity"), any party or non-party responding to the discovery requests (the "Responding Entity") may designate documents, information or material pursuant to the terms of this Protective Order that the Responding Entity believes contains proprietary information, trade secrets, confidential research, confidential financial information, or commercial or sensitive information.  This includes, but is not limited to proprietary financial information, technical or marketing information or other business information, the disclosure of which would tend to cause substantial harm to the Responding Entity's legitimate business interests, competitive interests, privacy interests, or privacy interests of the Responding Entity's employees or customers.

2.      Prior to physical production of copies of documents, the Responding Entity shall conspicuously mark the copies of documents that contain confidential information with the appropriate designation as described herein:  CONFIDENTIAL, HIGHLY CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE COUNSEL ONLY.  Material so designated may be used by persons other than the Responding Entity only for the purpose of preparing for and conducting the case <u>California Natural Products v. Illinois Tool Works Inc.</u>, No. 2:12-CV-00593-JAM-GGH (E.D. CA) ("the Litigation") and for no other purpose.

3.      Without comment on the relevance or discoverability of such documents, the categories for designations include the below itemized categories, but no others without further order of the Court or written agreement of the parties.  The parties agree to meet and confer should additional categories for various designations be sought by a party, but without written agreement or further order of the Court, no additional categories of documents can be designated more than CONFIDENTIAL.  The designating party bears the burden of establishing the necessity of any designation to the Court.

4.      The designation of any document or information pursuant to this Protective Order shall constitute the verification of counsel for the Responding Entity that the documents have

been reviewed for compliance with the criteria of this Protective Order and that any designation is, in the good faith judgment of counsel, consistent with the terms of this Order.

**OUTSIDE COUNSEL ONLY DESIGNATION**

5. Except by written agreement of the parties or as the Court may otherwise expressly direct, and subject to the further conditions imposed by this Order, material that is designated as "OUTSIDE COUNSEL ONLY" under this Protective Order may constitute only the following categories of information, and be disclosed only to the following categories of persons.

6. To the extent possible, all material designated OUTSIDE COUNSEL ONLY shall prepare a redacted version of the document, such that redacted version can be designated ATTORNEYS EYES ONLY and shown to the categories of persons eligible to review documents designated as ATTORNEYS EYES ONLY.

7. Agreed categories of material eligible for OUTSIDE COUNSEL ONLY designation:

    A. Confidential technical information developed since January 1, 2011.
    B. Profit margins;
    C. Current bids being pursued;
    D. Financial terms of bids;
    E. Sales and revenue information on a per-project or per-site basis;
    F. Strategic business and marketing plans that disclose information of use currently;
    G. Confidential software programming code, source code and software specifications.

8. Agreed categories of persons eligible to review materials designated as OUTSIDE COUNSEL ONLY:

  A. Outside Counsel.  Outside trial counsel for the parties to this action and paralegal assistants, office clerks, secretaries and other such personnel working under such counsel's supervision;

  B. Experts.  Expert witnesses consulted, employed or designated by a party (including any interpreters or translators), as well as associates, assistants, and other personnel employed directly by such experts;

  C. Court.  The Court, court personnel and court reporters;

  D. Pre-existing Holders.  Persons who authored, were an addressee, had access to or were copied on the confidential information;

  E. By Stipulation or Order.  Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

**ATTORNEYS EYES ONLY DESIGNATION**

9. The use of certain extremely sensitive information may be further restricted by the designation of such information as "ATTORNEYS EYES ONLY."  Except by written agreement of the parties or as the Court may otherwise expressly direct, and subject to the further conditions imposed by this Order, material that is designated as ATTORNEYS EYES ONLY under this Protective Order may constitute only the following categories of information, and be disclosed only to the following categories of persons.

10. Agreed categories of material eligible for ATTORNEYS EYES ONLY designation:

  A. Confidential technical information developed since January 1, 2011.

  B. Profit margins;

  C. Current bids being pursued;

  D. Financial terms of bids;

-4-

**AGREED PROTECTIVE ORDER**

      E.     Strategic business and marketing plans that disclose information of use currently;

      F.     Confidential software programming code, source code and software specifications.

      G.     Confidential financial information;

      H.     Sales and revenue information

11.   Agreed categories of persons eligible to review materials designated as ATTORNEYS EYES ONLY:

      A.     Outside Counsel.  Outside trial counsel for the parties to this action and paralegal assistants, office clerks, secretaries and other such personnel working under such counsel's supervision;

      B.     Experts.  Expert witnesses consulted, employed or designated by a party (including any interpreters or translators), as well as associates, assistants, and other personnel employed directly by such experts;

      C.     Court.  The Court, court personnel and court reporters;

      D.     Pre-existing Holders.  Persons who authored, were an addressee, had access to or were copied on the confidential information;

      E.     By Stipulation or Order.  Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

      F.     In-house Counsel.  In-house counsel with responsibility for this action and paralegal assistants, office clerks, secretaries and other personnel working under their supervision;

**HIGHLY CONFIDENTIAL DESIGNATION**

12. The HIGHLY CONFIDENTIAL designation includes only those documents for which dissemination to non-control people would raise a risk of significant competitive harm and the restriction for CONFIDENTIAL documents are inadequate to prevent such risk.

13. Except by written agreement of the parties or as the Court may otherwise expressly direct, and subject to the further conditions imposed by this Order, material that is designated as HIGHLY CONFIDENTIAL under this Protective Order may constitute only the following categories of information, and be disclosed only to the following categories of persons:

14. Agreed categories of material eligible for HIGHLY CONFIDENTIAL designation:

    A.    Confidential technical information developed since January 1, 2011.

    B.    Profit margins;

    C.    Current bids being pursued;

    D.    Financial terms of bids;

    E.    Strategic business and marketing plans that disclose information of use currently;

    F.    Confidential software programming code, source code and software specifications.

    G.    Confidential financial information;

    H.    Sales and revenue information;

    I.    Technical information about the parties' products not generally known in the industry, and not previously shared between the parties.

15. Agreed categories of persons eligible to review materials designated as HIGHLY CONFIDENTIAL:

     A.     Outside Counsel.  Outside trial counsel for the parties to this action and paralegal assistants, office clerks, secretaries and other such personnel working under such counsel's supervision;

     B.     Experts.  Expert witnesses consulted, employed or designated by a party (including any interpreters or translators), as well as associates, assistants, and other personnel employed directly by such experts;

     C.     Court.  The Court, court personnel and court reporters;

     D.     Pre-existing Holders.  Persons who authored, were an addressee, had access to or were copied on the confidential information;

     E.     By Stipulation or Order.  Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

     F.     In-house Counsel.  In-house counsel with responsibility for this action and paralegal assistants, office clerks, secretaries and other personnel working under their supervision;

     G.     Key Persons.  Up to two (2) client representatives of the parties to this Order including the parties' employees as well as employees of affiliates of the party receiving Highly Confidential Information, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.  For the avoidance of doubt, the parties agree that Rodney Tipton, Bern McPheely and Doug Stambaugh would be acceptable designees.  Before any client representative other than the people listed above receive any Highly Confidential Information, they will be designated and the other party shall have two (2) business days in which to object to that individual's selection.  The parties will work in good faith to resolve any dispute regarding the party representative and consent to

**AGREED PROTECTIVE ORDER**

another party's designation of additional client representatives shall not be unreasonably withheld.

**CONFIDENTIAL DESIGNATION**

16. The CONFIDENTIAL designation includes any proprietary information, trade secrets, confidential research, confidential financial information, or commercial or sensitive information. This includes, but is not limited to proprietary financial information, technical or marketing information or other business information, the disclosure of which would tend to cause substantial harm to the Responding Entity's legitimate business interests, competitive interests, privacy interests, or privacy interests of the Responding Entity's employees or customers.

17. Except as the Court may otherwise expressly direct and subject to the further conditions imposed by this Order, material that is designated as CONFIDENTIAL under this Protective Order may be disclosed only to the following categories of persons:

> A. Outside Counsel. Outside trial counsel for the parties to this action and paralegal assistants, office clerks, secretaries and other such personnel working under such counsel's supervision;
>
> B. Experts. Expert witnesses consulted, employed or designated by a party (including any interpreters or translators), as well as associates, assistants, and other personnel employed directly by such experts who have read and agree in writing to be bound by the terms of this Order by executing the "Agreement of Confidentiality" set forth in ¶ 12 herein;
>
> C. Court. The Court, court personnel and court reporters;
>
> D. Pre-existing Holders. Persons who authored, were an addressee, had access to or were copied on the confidential information;
>
> E. By Stipulation or Order. Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

F. In-house Counsel. In-house counsel with responsibility for this action and paralegal assistants, office clerks, secretaries and other personnel working under their supervision;

G. Employees. Employees and former employees of the parties and affiliates of the parties, but only to the extent that counsel determines in good faith that the employee or former employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

**DEPOSITION TESTIMONY**

18. In providing deposition testimony in response to a deposition notice or subpoena from a party in this action (the "Requesting Entity"), or providing written responses to interrogatories or requests for admission or written deposition questions from a Requesting Entity, any party or non-party (the "Responding Entity") may designate such testimony or written responses as allowed by this Protective Order. With respect to deposition testimony, the Responding Entity shall have up to 21 days after receipt of the final deposition transcript , or 21 days after the signing of this Agreed Protective Order, whichever occurs later, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the above-referenced 21-day period shall be covered by the provisions of this Agreed Protective Order.

19. Other than the deponent, court reporter and videographer, only outside counsel, in-house counsel, retained experts and business representatives identified in advance pursuant Paragraph 15(G) may attend depositions without the prior written agreement of the parties. A Requesting Entity shall give the other parties notice if they reasonably expect a deposition to call for information that will be designated ATTORNEYS EYES ONLY or OUTSIDE COUNSEL ONLY. When deposition proceedings (either the showing of a witness a document designated as

ATTORNEYS EYES ONLY or OUTSIDE COUNSEL ONLY, or a question or the anticipated answer to a question) cover material subject to designation pursuant to this Protective Order, any party may limit attendees of the pertinent portion of the deposition to only those individuals authorized to receive such information pursuant to this Order.

20. Deposition transcripts containing designated material or material subject to designation under this Protective Order shall have an obvious legend on the title page, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the designations being asserted. The Responding Entity shall inform the court reporter of these requirements. Before the expiration of a 21-day period for designation, the entire transcript shall be treated during that period as if it had been designated "OUTSIDE COUNSEL ONLY" unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

**PROCEDURES FOR DISCLOSURE**

21. Counsel for each party shall take all reasonable precautions necessary to prevent the unauthorized or inadvertent disclosure of any information designated pursuant to this Protective Order. If any designated information produced in accordance with the terms of this Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and, without prejudice to other rights and remedies of the other parties, must make every effort to prevent further disclosure by the party responsible for said disclosure.

22. A party shall not be obligated to challenge the propriety of any designation at the time it is produced, and failure to do so shall not preclude subsequent challenge thereto. At any stage of these proceedings or thereafter, any party may challenge a designation of certain materials. If any party objects to the designation of any document, such party shall state the objection by letter to counsel for the entity (whether a party or non-party) making the designation.

Grounds for such objections may include, but are not limited to, the fact that the challenged materials or information (a) is in the public domain; (b) was known or possessed by the Requesting Entity at the time of disclosure; (c) was received from a third party under no obligation of confidentiality; or (d) was derived or obtained independently of the disclosure from a third party under no obligation of confidentiality.

23. The parties shall attempt to resolve any disagreement as to the protected nature of the information on an informal basis before seeking relief from the Court. Until an objection to the designation of a document has been resolved by written agreement of counsel or by order of the Court, the document shall be treated as so designated. Nothing herein shall affect the Responding Entity's obligation to show good cause for the protection of the information in the event any person files a motion disputing the Responding Entity's designation of discovery material.

24. Subject to Paragraph 25, prior to giving possession of any designated material to any person permitted under this Order other than the Court, court personnel and court reporters, counsel for the party that receives such material shall first provide the intended recipient with a copy of this Order, and shall cause him or her to execute the following written Agreement of Confidentiality, which Requesting Entity's counsel shall thereafter retain:

<u>Agreement of Confidentiality</u>

I understand that I am being given access to information covered by a Protective Order entered in the matter <u>California Natural Products v. Illinois Tool Works Inc.</u>, No. 2:12-CV-00593-JAM-GGH (E.D. CA). I have read the Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of such information. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. In consideration for me being allowed access to said information and documents in connection with this litigation, I further agree to be contractually bound by the terms of the Protective Order and I agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to financial liability for any loss or damage caused on account thereof.

25. Anything in this Order to the contrary notwithstanding, any party may use the services of a photocopying service, printing and binding service, or computer input service with regard to designated information, provided such services are advised of the confidential nature of the documents and agree to maintain their confidentiality.

26. If a party produces documents or information that that party believes to be confidential but the party inadvertently fails to properly designate the documents or information as such, the party may designate or re-designate the documents or information with the appropriate designation. Disclosure or production of documents or information without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Order and compliance with the procedures of this paragraph shall not prejudice the right of any party to challenge the designation of documents or information.

27. All materials designated pursuant to this Protective Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing designated information, shall be filed under seal and kept under seal until further ordered by the Court. Where possible, only designated portions of filings with the Court shall be filed under seal. The procedure for sealing documents shall adhere to Local Rule 141 of the United States District Court for the Eastern District of California.

28. Prior to any hearing or trial at which designated documents or information shall be introduced, the parties will meet and confer to discuss redaction of the material. The parties agree that, upon request, they will redact material that is not relevant to the issues being heard. For example, if narrative descriptions contained in bids are relevant to the issues being heard or tried, but financial terms are not, the parties agree that those financial terms can be redacted upon request in order to avoid their public disclosure.

29. Subject to the Rules of Evidence and applicable written agreements or Court orders, information designated pursuant to this Protective Order may be offered into evidence in open court unless a party objecting to such unrestricted use obtains an appropriate protective

**AGREED PROTECTIVE ORDER**

order from this Court or the appellate court. The Responding Entity must be given notice and a sufficient opportunity to seek such a protective order.

30.     If a party in possession of information designated under this Protective Order receives a subpoena or other request seeking production or other disclosure of designated information, that party shall immediately give written notice to counsel for the party that initially produced the designated information, stating the nature and type of information that has been sought and the date and time proposed for production or disclosure of the material. Any party objecting to the production or disclosure shall have the obligation to take timely action in the appropriate court or courts. In the event that such action is taken (*e.g.*, a motion is filed), no designated information that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by further order of the appropriate court(s).

31.     In addition to any other remedies set forth herein, any party violating this Order and thereby causing damage to the interests of the Responding Entity may be liable to the Responding Entity for all damages so caused.

32.     Nothing contained in this Order shall prejudice in any way or waive in any respect the right of any Responding Entity (including non-parties) to assert any privilege as to any documents, whether or not designated pursuant to this Order.

33.     This Order shall be binding upon the parties and their attorneys.

34.     Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by motion to the Court,

    a.     Additional protection for specific items; or

    b.     Relief from the provisions of this Order with respect to specific items or categories of information. Moreover, if a party does not comply with the terms of this Order, the complaining party may petition the Court for sanctions, or other appropriate relief.

**AGREED PROTECTIVE ORDER**

35. In the event that at the time a document is produced the designation is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Responding Entity may restrict future disclosure of the document, consistent with this Protective Order, by notifying the Requesting Entity in writing of the change in or addition of a restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the documents is to be governed. The Responding Entity will appropriately label the documents, or the Requesting Entity will return all copies of the documents to the Responding Entity, who will provide a properly labeled copy promptly.

36. Pursuant to the Federal Rules of Civil Procedure, if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify the receiving party, including the basis for the claim. After being notified, the receiving party must promptly return to the Responding Entity or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Responding Entity must preserve the information until the claim is resolved.

37. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information.

38. This Order shall survive the final termination of this action to the extent that the designated information is not or does to become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Entered this 22nd day of July, 2013.

/s/ John A. Mendez
Honorable John A. Mendez
United States District Court Judge

PROPOSED BY:


/s/ Gregory S. Cavallo/s/ Lynn H. Murray
One of Its AttorneysOne of Its Attorneys

Jeffrey W. Shopoff (Bar No. 46278)David S. Poole (Bar. No. 94690)
Gregory S. Cavallo (Bar No. 173270)**Poole & Shaffery, LLP**
Paul F. Kirsch (Bar No. 127446)25350 Magic Mountain Parkway
James M. Robinson (Bar No. 238063)Second Floor
SHOPOFF CAVALLO & KIRSCH LLPSanta Clarita, CA  91355
100 Pine Street, Suite 750Telephone:  (661) 290-2991
San Francisco, CA 94111Facsimile:  (661) 290-3338
Telephone:  (415) 984-1975
Facsimile:  (415) 984-1978Lynn H. Murray, *pro hac vice*
Justin R. Donoho, *pro hac vice*
**Grippo & Elden LLC**
Attorneys for Plaintiff111 South Wacker Drive, Ste 5100
**CALIFORNIA NATURAL PRODUCTS**Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:  (312) 558-1195


Attorneys for Defendant,
**ILLINOIS TOOL WORKS INC.**

-15-

**AGREED PROTECTIVE ORDER**